Filed 10/15/15  P. v. Cortes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C077568 |
| v. | (Super. Ct. No. MF037318A) |
| JAIME FRUTOS CORTES, | |
| Defendant and Appellant. | |

Defendant Jaime Frutos Cortes pleaded guilty to second degree robbery, driving in disregard for safety while fleeing a pursuing police officer, and criminal threats.  Over the prosecutor's objection, the trial court indicated a sentencing lid of five years eight months.  The trial court sentenced defendant to three years in prison, awarded him 10 days of presentence credit (9 actual days and 1 conduct day), and ordered him to pay

1

various fines and fees, including a $196 booking fee "pursuant to Government Code sections 29550, 29550.1 and 29550.2."**1**

Defendant now contends (1) it is not possible to determine under which Government Code section the trial court imposed the booking fee; (2) if the trial court imposed the booking fee pursuant to section 29550.1, that section violates defendant's equal protection rights; and (3) the trial court erred in calculating his presentence credit.

We will modify the judgment to reflect the correct statutory authority for the booking fee, and conclude that defendant's equal protection and presentence credit arguments lack merit.

We will affirm the judgment as modified.

BACKGROUND

Defendant entered a Tracy bank on December 10, 2013, walked up to a teller without waiting, put his backpack on the counter and demanded money, threatening to shoot the teller if she did not comply. Defendant had his hand in his pocket and indicated he had a gun.

The teller placed approximately $8,500 in cash and a GPS tracking device into the backpack. Defendant demanded more, threatening to kill the teller. The teller showed defendant that her cash drawers were empty and he left with the money. The teller pushed the alarm.

Tracy police officers were able to track defendant with the GPS device in the bag of money. When a Tracy police officer turned on his lights and sirens, defendant led the officer on a chase which ended when defendant crashed into a car. Defendant was removed from his car at gunpoint and arrested by Tracy police officers. After being

---

**1** Undesignated statutory references are to the Government Code.

interviewed at the Tracy Police Department, defendant was transported to the county jail for booking.

On the date set for trial, defendant pleaded guilty to second degree robbery (Pen. Code, § 211 -- count 1), driving in disregard for safety while fleeing a pursuing police officer (Veh. Code, § 2800.2 -- count 2), and criminal threats (Pen. Code, § 422 -- count 3). The trial court sentenced defendant to three years in prison, awarded him 10 days of presentence credit (9 actual days and 1 conduct day), and ordered him to pay various fines and fees, including a $196 booking fee "pursuant to Government Code sections 29550, 29550.1 and 29550.2."

## DISCUSSION

## I

Defendant claims it is not possible to determine under which Government Code section the trial court assessed a booking fee.

"Three statutes address defendants' payment of jail booking fees, Government Code sections 29550, 29550.1, and 29550.2. Which section applies to a given defendant depends on which governmental entity has arrested a defendant before transporting him or her to a county jail. The factors a court considers in determining whether to order the fee payment also vary depending on whether or not the court sentences the defendant to probation or prison. [Citations.]" (*People v. McCullough* (2013) 56 Cal.4th 589, 592.)

As we have explained, at sentencing the trial court ordered the $196 booking fee "pursuant to Government Code sections 29550, 29550.1 and 29550.2." When defense counsel said the booking fee was subject to defendant's ability to pay, the court disagreed, stating that it was "required to impose this fee." Section 29550.1 applies when a defendant is arrested by a city police officer. Here, defendant was arrested by Tracy police officers. Thus, section 29550.1 governed the booking fee. Sections 29550 and 29550.2 contain an ability-to-pay requirement but under section 29550.1, the booking fee is "required" without a finding of an ability to pay.

3

The trial court identified the applicable statute (§ 29550.1) but also mentioned inapplicable statutes (§§ 29550, 29550.2). Nonetheless, the trial court correctly specified that the booking fee was "required." We conclude that the trial court misspoke in referring to the additional statutes. We will modify the judgment to indicate that the booking fee is imposed pursuant to section 29550.1.

Defendant also suggests that the amount of the booking fee may be incorrect. We need not consider that claim because he did not include it in a heading in his appellant's opening brief. (Cal. Rules of Court, rule 8.204 (a)(1)(B); *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656; *People v. Crosswhite* (2002) 101 Cal.App.4th 494, 502, fn. 5 [argument is waived by raising it only in a footnote under an argument heading which gives no notice of the contention].) In any event, the claim is forfeited because defendant did not challenge the amount of the booking fee in the trial court. Instead, defense counsel asserted defendant's inability to pay the amount. That objection did not place the trial court on notice that defendant was challenging the calculation of the amount. "[B]ecause a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*People v. McCullough, supra,* 56 Cal.4th at p. 597.)

## II

Defendant next contends that if the booking fee was imposed pursuant to section 29550.1, that section violates his equal protection rights. He notes that individuals arrested by the county and state are treated one way (requiring a finding of ability to pay), but persons arrested by a city are treated differently (no need for a finding of ability to pay).

"The constitutional guaranty of equal protection of the laws means simply that persons similarly situated with respect to the purpose of the law must be similarly treated under the law. [Citations.] If persons are not similarly situated for purposes of the law,

4

an equal protection claim fails at the threshold. [Citation.] The question is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' [Citation.]" (*People v. Buffington* (1999) 74 Cal.App.4th 1149, 1155.)

Sections 29550, 29550.1, and 29550.2 classify defendants according to the identity of the arresting agency. Section 29550, subdivision (c) governs the booking fee to be paid by a person who is arrested by a county officer or agent. Section 29550.2, subdivision (a) governs the booking fee to be paid by a person who is arrested by a governmental entity not specified in section 29550 or 29550.1 (state arrestee). The booking fee to be paid under sections 29550, subdivision (c) and 29550.2, subdivision (a) shall not exceed the "actual administrative costs." (§§ 29550, subd. (c), 29550.2, subd. (a).) Section 29550.1 governs the booking fee to be paid by a person arrested by an officer or agent of a city, special district, school district, community college district, college, university, or other local agency (local arrestee). In contrast with county and state arrestees, the booking fee for a local arrestee shall not exceed one-half of the "actual administrative costs." (§§ 29550, subd. (a)(1), 29550.1.) Thus, a person, like defendant, who was arrested by city police officers and is subject to a booking fee under section 29550.1, can be ordered to pay up to only one-half of the amount to which a county or state arrestee may be subjected. For that reason, persons subject to section 29550.1 and those subject to sections 29550 and 29550.2 are not similarly situated.

Defendant contends no rational reason supports the differential treatment of local arrestees. We disagree. We uphold a statutory classification against an equal protection challenge under the rational relationship test " ' " 'if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. [Citations.] Where there are "plausible reasons" for [the classification], "our inquiry is at an end." ' " ' " (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1200-1201, italics omitted.) Here, the Legislature could rationally conclude that giving local arrestees the benefit of paying only

5

up to one-half of actual administrative costs justifies not requiring a showing of ability to pay. Under sections 29550 and 29550.1, a local arrestee receives the benefit of having to pay only up to one-half of the county's actual administrative costs (a benefit not given to county and state arrestees), but a local arrestee gives up the opportunity to avoid all liability on the grounds of inability to pay. The local agency only pays the county up to one-half of the county's actual administrative costs for booking and processing arrestees, and it is granted the right to reimbursement without having to prove the defendant's ability to pay. The county receives reimbursement from the local agency, which does not have to prove a defendant's ability to pay, in exchange for writing off half of its expenses. A plausible reason exists for the classification in section 29550.1.

III

Defendant contends, and the People agree, that defendant is entitled to an additional day of presentence credit for October 8, 2014, the day he was sentenced. We disagree.

Defendant was arrested on December 10, 2013, and remained in custody until he was released on bail on December 18, 2013, a total of nine days in custody. After defendant entered his plea, he was allowed to remain on bail. At sentencing on October 8, 2014, the trial court awarded nine actual days and one conduct day for a total of 10 days of presentence credit. The trial court exonerated bail and remanded defendant to the custody of the Department of Corrections and Rehabilitation (CDCR).

Defendant was entitled to presentence credit for the days spent in custody "prior" to sentencing. (Pen. Code, § 2900.5, subd. (d); *People v. Johnson* (2002) 28 Cal.4th 1050, 1053; see *People v. Brewer* (2001) 87 Cal.App.4th 1298, 1305-1306 [on bail and confinement are opposites].) CDCR calculates credit for the period between the date a defendant is sentenced and the date he or she is delivered to CDCR (Pen. Code, § 2900.5, subd. (e)) and for the period in which the defendant is confined in a CDCR facility. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 30-31.)

6

The trial court was not required to award the date of sentencing as presentence custody credit.  Defendant was on bail, not in custody, when the trial court pronounced sentence.  The trial court awarded as presentence credit the days defendant served in custody after his arrest in December 2013.  CDCR is responsible for calculating the credit defendant is due for the period between the date of sentencing and the date of delivery to CDCR.

## DISPOSITION

The judgment is modified to indicate that the $196 booking fee is imposed pursuant to section 29550.1.  The judgment is affirmed as modified.  The trial court is directed to prepare an amended abstract of judgment reflecting the judgment as modified, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

            /S/
            Mauro, J.

We concur:


     /S/
Blease, Acting P. J.


     /S/
Renner, J.

7